UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN F. FRAZIER,

    Plaintiff,

Case No. CV 406-232

GEORGIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

## ORDER

On September 20, 2006, Plaintiff John F. Frazier, who was, at the time, confined in the Chatham County Detention Center in Savannah, Georgia, filed a complaint alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983 (Doc.1). Specifically, Plaintiff alleges that Defendants[1] caused him to be wrongfully incarcerated for seventy days. Plaintiff seeks compensation for his "mental anguish and suffering," and also asks that Defendant Rebecca Hunter be disciplined for her actions. Id. at 6.

On October 10, 2006, this Court granted Plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the Order (Doc. 3). The Court informed Plaintiff that his failure to return these

---

[1] Plaintiff names as Defendants "Chatham County State of Georgia D.O.C./Probation; Rebecca Hunter/Bill Jones."

-1-

forms would result in dismissal of his case. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). The PLRA requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine Plaintiff's complaint to determine whether it states a colorable claim for relief under section 1983.

## FACTUAL BACKGROUND

In 1998, Plaintiff was on probation in the State of Texas. The Texas probation office issued an out-of-state travel permit allowing Plaintiff to relocate to Georgia, and ordering him to report to the appropriate probation office upon his arrival in Georgia. Plaintiff claims that he did report to the Georgia probation office, but that his paperwork had not yet arrived from Texas; however, Plaintiff continued to contact probation regularly via phone, and, on July 30, 1998, went to the office, where he spoke with Probation Officer/Defendant Bill Jones. Defendant Jones said that Plaintiff's paperwork had still not arrived and therefore Plaintiff was "still unassigned" and Defendant Jones "could do nothing." However, Defendant Jones did issue Plaintiff a travel permit, which Plaintiff was apparently seeking due to a family emergency in Texas. The permit (dated July

31, 1998) allowed Plaintiff to travel to Texas, with a return date to Georgia of August 31, 1998. Before the permit had expired, Probation Supervisor/Defendant Rebecca Hunter obtained a warrant for Plaintiff's arrest (dated August 5, 1998). The warrant alleged that Plaintiff had failed to report to probation since his return from Texas in April 1998. Plaintiff spent twenty-nine days in custody in Texas pursuant to the warrant, but Georgia declined to extradite him.

Plaintiff does not discuss the events that transpired between 1998 and early 2003, at which point Plaintiff was arrested and charged in Texas as a fugitive from justice. Pursuant to the fugitive charge, Plaintiff appeared in Texas court numerous times between March and June of 2003, at which point the period for extradition to Georgia expired and Plaintiff was released. Plaintiff subsequently returned to Georgia on his own volition in 2004, and on November 12, 2004, was served with the 1998 warrant, despite its interim expiration (July 11, 2003). He was placed on probation hold and was in custody until he posted bond on December 23, 2004 (forty-one days later).

## DISCUSSION

Pursuant to 42 U.S.C. § 1983, a prisoner may seek redress when a person acting under color of state law deprives the prisoner of rights guaranteed by the U.S. Constitution or federal laws. In order to state a section 1983 claim for relief, Plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity protected by the Constitution or a statute of the United States and (2)

the act or omission was committed by a person acting under color of state law. 42 U.S.C. §1983; West v. Atkins, 487 U.S. 42, 48 (1988); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). In determining whether Plaintiff has stated a colorable claim for relief under section 1983, the Court liberally construes Plaintiff's complaint. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed") (citation omitted). However, the court may dismiss the complaint, or any portion thereof, "which (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

It is well-settled that a § 1983 action arising in Georgia is barred if not commenced within two years after the cause of action accrues. Mullinax v. McElhenney, 817 F.2d 711, 715-16 n.2 (11th Cir. 1987). In the Eleventh Circuit, a section 1983 claim accrues when the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Rubin v. O'Koren, 621 F.2d 114, 116 (5th Cir. 1980). The Court recognizes that a statute of limitations defense is an affirmative defense that may be waived. Nonetheless, where an affirmative defense appears clearly on the face of the complaint, the Court may dismiss the claim. Clark v. State of Georgia Bd. of Pardons and Paroles, 915 F.3d 636, 640 & n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants

a dismissal as frivolous.") "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." Id. Accordingly, as to Plaintiff's 1998 twenty-nine-day period of incarceration, the statute of limitations has expired, and that portion of Plaintiff's complaint is **HEREBY DISMISSED** as frivolous. As to Plaintiff's 2004, the Court declines to apply the statute of limitations affirmative defense at this stage,[2] and will further examine Plaintiff's claims.

Even assuming Plaintiff's action was timely filed as to the 2004 forty-one-day period of incarceration, portions of it nevertheless fail and must be dismissed. First, the Georgia Department of Corrections is not a viable Defendant in this section 1983 action. As mentioned above, the second prong of a colorable section 1983 claim requires that the complained-of act or omission be committed by a person acting under color of state law. 42 U.S.C. §1983 (emphasis added). The Georgia Department of Corrections is not a person, but a state entity that is incapable of being sued pursuant to section 1983. Edwards v. Wallace Community College, 49 F.3d 1517, 1524 (11th Cir. 1995) ("A state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable") (citations omitted). Accordingly, to the

---

[2] The fact that the warrant was issued in 1998 gives rise to a potential statute of limitations problem for the 2004 period of incarceration; however, because the "injury" of incarceration arose in 2004 (albeit out of a 1998 warrant), the Court will allow the parties to develop the relevant legal arguments as to when the cause of action accrued.

-5-

extent Plaintiff's complaint names the Georgia Department of Corrections as a Defendant, the complaint is **HEREBY DISMISSED** as frivolous.

The complaint is also frivolous as it pertains to Defendant Jones, as it fails to allege a cause of action against Defendant Jones. The complaint merely states that Defendant Jones issued Plaintiff's travel permit in 1998. The most liberal reading of the complaint fails to reveal how the issuance of a travel permit constituted a violation of Plaintiff's constitutional rights. Further, even assuming arguendo that Plaintiff has stated a viable claim for relief against Defendant Jones, the claim would be dismissed based on statute of limitations grounds. Accordingly, to the extent Plaintiff's complaint asserts a cause of action against Defendant Jones, the case is **HEREBY DISMISSED** as frivolous.

Although the Court notes that Plaintiff's claim against Defendant Hunter contains a number of possible grounds for eventual dismissal,[3] the Court finds that dismissal of the claim against Defendant Hunter at this juncture would be premature. Assuming the allegations contained in Plaintiff's complaint are true, and implementing a liberal construction of the complaint, as required by the standards governing the Court's review at this stage of the proceedings, Plaintiff's allegation that Defendant Hunter wrongfully sought and obtained the warrant for

---

[3] These issues include but are not limited to questions regarding the statute of limitations and qualified immunity.

his arrest states a claim for relief pursuant to section 1983.[4] Accordingly, the Clerk is **HEREBY DIRECTED** to serve the Complaint on Defendant Hunter.

**SO ORDERED.**

_____
JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Dated: September 14, 2007

---

[4] The claim alleges a violation of Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the U.S. Constitution.