# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN F. FRAZIER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV406-232 |
| PROBATION SUPERVISOR REBECCA S. HUNTER, | ) ) ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 on September 20, 2006, and the Court granted his motion to proceed *in forma pauperis* on October 10, 2006. (Docs. 1 & 3.) As he is proceeding *in forma pauperis*, he is entitled to have the United States Marshal effect service on defendant. See Fed. R. Civ. P. 4(c)(3); Fowler v. Jones, 899 F.2d 1088, 1094 (11th Cir. 1990). Therefore, following the Court's initial screening of plaintiff's complaint and determination that the complaint stated a colorable claim for relief under § 1983, it directed the marshal to serve a copy of plaintiff's complaint on defendant at the address plaintiff provided

for her. (Doc. 10.) Due to a clerical error, the complaint was not forwarded to the marshal until October 7, 2008. (Docs. 7, 8, 10.) The waiver of service request sent to defendant was returned unexecuted on October 10, 2008, with a notation stating that the defendant no longer worked at that address. (Doc. 13.) On October 15, 2008, the Court entered an order granting plaintiff an additional thirty days to provide an address where defendant could be served. (Doc. 15.) Plaintiff has not responded that order.

"[O]nce a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Rule 4 of the Federal Rules of Civil Procedure allows litigants 120 days to effect service upon a defendant. See Fed. R. Civ. P. 4(m). By virtue of his *in forma pauperis status*, plaintiff is entitled to have the marshal effect service on defendant and he "should not be penalized for failure to effect service where such failure is not due to fault on [his] part." Fowler, 899 F.2d at 1095. If the failure to effect service in a timely manner is due to plaintiff's "inaction or dilatoriness," however, plaintiff should bear the consequences of that

failure. See id. (citing Rochon v. Dawson, 828 F.2d 1107, 1110) (5th Cir. 1987)).

The period allotted for service of the complaint had already long since expired when the Court issued its October 27, 2008 order directing plaintiff to provide a current address for defendant. But because of the oversight by the Court and plaintiff's *pro se* status, the undersigned allowed him an additional thirty days to provide defendant's current address so that the marshal could serve the complaint. (Doc. 13.) The Court also warned plaintiff that if he neglected to provide a current address for defendant, "dismissal of the complaint will be appropriate under Rule 4(m)." (Id.) Plaintiff has failed to provide an address for defendant or respond in any way to the Court's order.

Rule 4(m) authorizes a court "on its own after notice to the plaintiff" to dismiss a complaint for the failure to effect service within the prescribed time period. See Fed. R. Civ. P. 4(m). Although the Court explicitly provided notice to plaintiff of its intention to dismiss his complaint for failure to effect service, plaintiff has not provided the Court with an address where service can be effected upon defendant. Consequently,

plaintiff's complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this ___8th___ day of December, 2008.

s/ G. R. SMITH
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**